## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## AT LEXINGTON

| | | |
|---|---|---|
| DANIEL FARLEY | ) | COMPLAINT AND JURY DEMAND |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _ : __-cv-___-___ |
| | ) | |
| | ) | |
| WELLPATH LLC | ) | |
| Serve:  Wellpath LLC | ) | ELECTRONICALLY FILED |
| 3340 Perimeter Hill Dr. | ) | |
| Nashville, TN, 37211 | ) | |
| | ) | |
| Defendants, | ) | |

*********

Comes Plaintiff Daniel Farley, by counsel, for his Complaint and Jury Demand against Defendant, Wellpath LLC, states as follows:

### INTRODUCTION

1.      This is an action for violation of Kentucky's Health-Care Whistleblower Act pursuant to KRS § 216B.165 *et seq.* and for wrongful termination in violation of public policy under Kentucky Common Law arising from the wrongful conduct of Defendant Wellpath LLC ("Wellpath") towards Plaintiff Daniel Farley.

### PARTIES

2.      Plaintiff Daniel Farley ("Plaintiff" or "Farley") is an individual who resides in, and is a citizen of, Rowan County, Kentucky. He is a certified social worker licensed under KRS Chapter 335 and, at all relevant times, was employed by Defendant Wellpath LLC, a corporation incorporated under the laws of the state of Tennessee. Wellpath is an entity headquartered and holding its principal place of business in Nashville, Tennessee. Mr. Farley worked for Wellpath as a mental- health therapist, providing health services to inmates at the Eastern Kentucky

Correctional Complex. Plaintiff was an employee of a health-care service licensed under KRS Chapter 216B.

3.    Defendant Wellpath is a limited liability company that provides medical and mental health services within correctional institutions throughout the Commonwealth, including the Eastern Kentucky Correctional Complex located in West Liberty, Kentucky.

## JURISDICTION AND VENUE

4.    Diversity jurisdiction under 28 U.S.C. §1332 applies to the present controversy because the amount in controversy exceeds $75,000 exclusive of attorney's fees, costs, or expenses, and there is complete diversity of citizenship.

5.    Venue is proper in this Division pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this action occurred in Morgan County, Kentucky, within the Eastern District of Kentucky, Lexington Division.

## FACTUAL BACKGROUND

6.    Plaintiff Daniel Farley began his employment with Wellpath, LLC on or about July 31, 2023, as a mental health therapist providing care and counseling services to inmates at the Eastern Kentucky Correctional Complex ("EKCC").

7.    Mr. Farley, in his role, reported directly to Amanda Phipps, RN (Medical Supervisor) and Dianna Cade (Mental Health Director Supervisor).

8.    Mr. Farley observed and became concerned about several practices within the facility that he reasonably believed violated multiple ethical and legal standards.

9.    Mr. Farley, in good faith, reported these concerns to Wellpath's Human Resources Department and other appropriate personnel.

10.    Specifically, Mr. Farley reported that supervisors were directing him to administer treatment to inmates who refused or declined care; that non-licensed personnel without mental health credentials were supervising clinical staff; and that medication logs were being falsified by

2

marking inmates as having refused medication when, in fact, medication had not been dispensed or the inmate was unavailable due to court appearances.

11.    Following his protected reports, Wellpath terminated Mr. Farley's employment on or about September 2, 2025, ostensibly in connection with unrelated allegations.

12.    As a result of Defendant Wellpath's actions, Plaintiff Daniel Farley has suffered damages.

**COUNT ONE:**
**RETALIATORY DISCHARGE CLAIM**
**KRS § 216B.165 *et seq.***

13.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

14.    This is an action against Wellpath, LLC for retaliatory discharge in violation of KRS § 216B.165 *et seq*.

15.    At all relevant times, Plaintiff was an employee of a health-care service licensed under KRS Chapter 216B *et seq.* and was therefore an individual protected under the statute.

16.    Pursuant to KRS § 216B.165(1), Plaintiff had reasonable cause to believe that the quality of patient care, patient safety, and the facility's compliance with the law were in jeopardy.

17.    Plaintiff made good-faith reports regarding conditions that jeopardized patient care in accordance with the applicable law, including but not limited to:

a.    Being directed to provide treatment to inmates who refused care;

b.    Unqualified individuals providing clinical oversight to staff; and

c.    Falsification of medication records to indicate inmate refusal when, in fact, medication had not been dispensed.

18.    These reports concerned threats to the quality of patient care, patient safety, and compliance with law, all maters protected under KRS 216B.165 *et seq.*

19.    In violation of KRS § 216B.165 *et seq.*, Defendant subjected Plaintiff to reprisal and retaliation for making good-faith reports.

20.    Defendant terminated Plaintiff's employment on or about September 2, 2025, after Plaintiff engaged in rightful conduct protected under KRS 216B.165 *et seq.*, as described above.

21.    Plaintiff's protected activities under the KRS 216B.165 *et seq.* were a contributing factor in the aforementioned adverse actions taken against him.

22.    As a direct and proximate result of Defendant's aforementioned conduct, Farley suffered damages including emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits in excess of the jurisdictional minimums of this Court and is entitled to compensatory and punitive damages, and all other appropriate relief to remedy Defendant's violations.

## COUNT TWO:
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### Common Law

23.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

24.    Defendant Wellpath engaged in wrongful termination in violation of public policy against Plaintiff Daniel Farley.

25.    The Commonwealth of Kentucky has a fundamental and well-defined public policy, embodied in KRS Chapter 216B *et seq.* and the regulations promulgated thereunder, that health-care employees must be free to report or refuse to participate in conduct that compromises patient safety or violates applicable law.

26.    Plaintiff asserts this common-law wrongful termination claim in the alternative to his statutory claim under KRS 216B.165 *et seq.*, to vindicate that same public policy recognized by the courts of this Commonwealth protecting employees who act in good faith to uphold patient safety and compliance with the law.

27. Plaintiff was invited to violate the statutory provisions as described above, and refused to do so. He instead reported such violations by his coworkers and supervisors to appropriate authorities

28. Defendant terminated Plaintiff's employment, constituting an adverse employment action because Plaintiff refused to violate the law and insisted upon compliance with the applicable Kentucky law.

29. Upon information and belief, Wellpath took adverse employment action against, and terminated, Farley because he refused to violate the law.

30. Defendant's discharge of Plaintiff was contrary to the above-described fundamental and well-defined public policies that are evidenced by the above-described existing laws, as well as other fundamental and well-defined public policies that are evidenced by constitutional or statutory provisions.

31. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff suffered damages including emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits in excess of the jurisdictional minimums of this Court.

32. Defendant's actions were intentional, willful, wanton, oppressive, malicious, reckless, and/or grossly negligent unlawful conduct, as set forth above, thereby entitling Plaintiff to compensatory and punitive damages, and all other appropriate relief to remedy Defendant's conduct.

**WHEREFORE**, the Plaintiff, Daniel Farley, requests as follows:

A. For compensatory damages that he is entitled to by law;

B. For the payment of back wages;

C. For exemplary or punitive damages;

D.     For all or a portion of the costs of litigation, including reasonable attorney fees and witness fees;

E.     For injunctive relief

F.     Any and all additional legal or equitable relief for which the Plaintiff may be entitled; and

G.     Trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Sean Ragland*
Sean Ragland
Michael J. Austin
PHILLIPS PARKER ORBERSON & ARNETT, PLC
716 W. Main Street, Suite 300
Louisville, Kentucky 40202
(502) 583-9900
sragland@ppoalaw.com
maustin@ppoalaw.com
*Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 7, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


/s/ Sean Ragland
Counsel for Plaintiff